UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

JOSE EDUARDO ASCENCIO, *and all others similarly situated under 29 U.S.C. § 216(b)*,

        Plaintiff,

vs.

GREENWAY, U.S.A., INC.,
NELSON OTANO,

        Defendants.

**COMPLAINT UNDER 29 U.S.C. §§ 201- 216 OVERTIME WAGE VIOLATIONS**

**COMES NOW** Plaintiff, JOSE EDUARDO ASCENCIO, through undersigned counsel, and files this Complaint against Defendants, GREENWAY, U.S.A., INC. and NELSON OTANO, and alleges:

1. This is an action arising under the Fair Labor Standards Act, 29 U.S.C. §§ 201-216.

2. The Plaintiff was a resident of Miami-Dade County, Florida at the time that this dispute arose.

3. The Defendant Corporation GREENWAY, U.S.A., INC. is a corporation that regularly transacts business within Miami-Dade County. Upon information and belief, the Defendant Corporation was the FLSA employer for Plaintiff's respective period of employment ("the relevant time period").

4. The individual Defendant NELSON OTANO is an owner and/or manager of Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period, and was responsible for paying Plaintiff's wages for the relevant time period, and controlled Plaintiff's work and schedule, and was therefore Plaintiff's

employer as defined by 29 U.S.C. § 203(d).

5. All acts or omissions giving rise to this dispute took place in Miami-Dade County.

## COUNT I. FEDERAL OVERTIME WAGE VIOLATION

6. This action arises under the laws of the United States.

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (§ 216 for jurisdictional placement).

8. 29 U.S.C. § 207(a)(1) states that if an employer covered under the Fair Labor Standards Act employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty "at a rate not less than one and one-half times the regular rate at which he is employed."

9. Plaintiff worked for Defendants as a landscaper from at least December 31, 2007 through on or about June 23, 2015.

10. Defendants' business activities involve those to which the Fair Labor Standards Act applies. Both the Defendants' business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to Plaintiff by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

11. Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

12. Upon information and belief, the Defendant Corporation had gross sales or business done is in excess of $500,000 for the years 2007, 2008, 2009, 2010, 2011, 2012, 2013, and 2014.

13. Upon information and belief, the Defendant Corporation's gross sales or business done is expected to exceed $500,000 for the year 2015.

14. From on or about December 31, 2007 through on or about June 23, 2015, Plaintiff worked an average of five (5) days a week and an average of sixty (60) hours per week for Defendants, and was paid an average day rate of $130.00 per day, but was not paid anything at all for an average of 20 hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Therefore, if this court or a jury determines that Plaintiff was paid at a day rate, Plaintiff claims the half-time overtime rate based upon the applicable rate for all hours worked above 40 per week for the entire period Plaintiff was employed by Defendants.

15. If the court or a jury decides Plaintiff was not paid a day rate, but was paid at an hourly rate, then from on or about December 31, 2007 through on or about June 23, 2015, Plaintiff worked an average of five (5) days a week and an average of sixty (60) hours per week for Defendants, and was paid an average of $12.10 per hour, and was paid some overtime, but was not paid anything at all for an average of seven (7) to eight (8) hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Therefore,

if this court or a jury determines that Plaintiff was paid at an hourly rate, Plaintiff claims the time-and-a-half overtime rate based upon the applicable hourly rate for seven (7) to eight (8) hours worked above 40 per week for the entire period Plaintiff was employed by Defendants.

16. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act, as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the total period of Plaintiff's employment.

**WHEREFORE**, the Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants, or as much as allowed by the Fair Labor Standards Act, along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

    Respectfully Submitted,

    J.H. Zidell, Esq.
    J.H. Zidell, P.A.
    Attorney For Plaintiff
    300 71st Street, Suite 605
    Miami Beach, Florida 33141
    Tel: (305) 865-6766
    Fax: (305) 865-7167
    Email: ZABOGADO@AOL.COM

    By:__/s/ J.H. Zidell_____
      J.H. Zidell, Esq.
      Florida Bar Number: 0010121